UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Eartha Johnson,** | ) | **CASE NO. 1:13 CV 2153** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Stephens & Michaels Associates, Inc.,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### Introduction

This matter is before the Court upon defendant's Motion for Summary Judgment (Doc.16). This case alleges a violation of the Fair Debt Collections Practices Act. For the following reasons, the motion is GRANTED.

### Facts

Plaintiff Eartha Johnson filed this Complaint against defendant Stephens & Michaels Associates, Inc. Her Complaint sets forth one count alleging that defendant violated the Fair Debt Collection Practices Act (FDCPA) §§ 1692d (harassment in connection with collection of a debt), 1692c(a)(1) (communicating with the consumer at an unusual or inconvenient time

or place), 1692c(b) (communicating with a third party not listed in the statute), and 1692f (using an unfair or unconscionable means to collect a debt).

The facts are not disputed. A collection account regarding plaintiff was referred to defendant on October 4, 2012. The account concerned a past-due debt for medical services provided by Marymount Hospital in the amount of $801.45. Defendant used two telephone numbers- one ending in 0991 and one ending in 4089. The latter was plaintiff's employer, Garfield Garden Apartments. All attempts to contact plaintiff by telephone failed.

Defendant attempted to contact plaintiff by telephone 19 times between October 9, 2012 and November 9, 2012. Of the 19 telephone calls, five were made to the 4089 number. Two messages were left on the answering machine at this number, the first on October 26, 2012 and the second on November 9, 2012. These were considered *Foti* messages, communications for plaintiff stating that the call is from a debt collector for the purpose of attempting to collect a debt. Plaintiff did not notify defendant that she was not permitted to accept personal or non-business related phone calls at her place of employment. After leaving the second message on November 9, defendant received an email from plaintiff's attorney which stated in part,

> I am not delivering draft suit at this time but calls are being placed to ... 4089, with full disclosure messages left on the answering system for a line that is quite obviously is [sic] that of her employer... Based on the attached message and disclosure violation, especially when message is left in response to a recorded business identification of her employer, we not only request that [defendant] immediately stop all contact with this client... Simply stated, this should not occur and our client, at a minimum, should have been given an opportunity to ask that calls not come to her workplace.

(Doc. 18 Leland Pavoll decl. Ex. 0006) Plaintiff admitted in discovery responses that she contacted defendant after receiving both messages and neither of the two messages left by

2

defendant was heard by a third party. Plaintiff states in her brief that she admits she did not explicitly inform defendant that she could not receive personal calls at her place of employment. In response to a discovery request for admission stating, "Admit that Plaintiff received personal calls unrelated to her employment at the Telephone Number." Plaintiff responded, "Deny."

This matter is now before the Court upon defendant's Motion for Summary Judgment.

**Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Accordingly, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir.1993). The nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th

3

Cir. 1995).

The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451, 456 (1992). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citation omitted).

**Discussion**

Despite the allegations in her Complaint, plaintiff now argues in her brief that although defendant did not violate any specific provision of the FDCPA, it violated the general proscription against harassing and unfair conduct when it placed two messages disclosing plaintiff's debt on a voice mail system belonging to her employer.  Plaintiff points to 15 U.S.C. §1692d which states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.

4

> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
>
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
>
> (4) The advertisement for sale of any debt to coerce payment of the debt.
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
>
> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

Plaintiff points out that while the statute lists the six specific examples of harassment, courts have been clear that this is not an all inclusive list.

Plaintiff also relies on 15 U.S.C. §1692f and similarly argues that this section is a "catch-all" provision and unfair or unconscionable conduct is not limited to the eight acts enumerated therein.  That section states:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section...

Plaintiff contends that defendant violated the general proscription against harassing and unfair conduct by placing the calls to plaintiff's place of employment although it knew plaintiff's personal telephone number and by knowing that there was a real possibility that someone could have listened to the voice mail.  Additionally, plaintiff points out that the Sixth Circuit has found that §1692d is violated when defendant's conduct embarrasses, upsets, or frightens the debtor. Plaintiff asserts that she was indeed frightened as evidenced by the fact that she contacted an attorney following the second voice mail message. Finally,

5

plaintiff asserts that a court ruling that a debt collector should not leave a *Foti* message on a business voice mail system fosters good public policy.

For the following reasons, the Court agrees with defendant that summary judgment must be granted.

15 U.S.C. § 1692c(a)(3) specifically prohibits communication by a debt collector with a consumer "at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication." Plaintiff does not dispute that there is no evidence that defendant knew or had reason to know that plaintiff's employer prohibited her from receiving such communication. Instead, plaintiff asks the Court to hold defendant liable for the two workplace communications without such a finding by resorting to general and catch-all provisions of the statute. But, the Court cannot apply the general statutory provisions to conduct which is specifically addressed by the FDCPA. *See U.S. v. Kumar,* --- F.3d ----, 2014 WL 1586427 (6th Cir. April 22, 2014) (citing *United States v. Perry,* 360 F.3d 519, 535 (6th Cir.2004) ("One of the most basic canons of statutory interpretation is that a more specific provision takes precedence over a more general one."); *Pate v. Huntington Nat. Bank* --- Fed.Appx. ----, 2014 WL 1099093 (6th Cir. March 20, 2014) ("It is a commonplace of statutory construction that the specific governs the general.")

Additionally, § 1692c(b) prohibits communication by the debt collector with third parties in connection with the collection of the debt. But, plaintiff admits that no one heard either of the two voice mail messages. Plaintiff maintains that defendant "should have known that there was a real possibility by leaving voice mail messages that they could have been

6

listened to by someone other than [plaintiff]." (Doc. 21 at 11) Nonetheless, no other person heard the voice mails and, therefore, there was no third party communication. Again, because the statute specifically addresses communications with third parties, plaintiff cannot rely on general statutory provisions to find a violation.

For the foregoing reasons, because there has been no violation of the specific sections of the statute which govern the conduct of defendant herein (workplace communications and third-party communications), the general catch-all provisions of the statute do not apply and defendant is entitled to summary judgment.

### **Conclusion**

For the foregoing reasons, defendant's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 6/3/14